IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BONNIE UNDERWOOD, et al.,<br>    Plaintiffs, | )<br>)<br>) |
| v. | )   Case No. 3: 23-cv-00303<br>)   Magistrate Judge Frensley |
| JOHN GORDY,<br>    Defendant. | )<br>) |

## MEMORANDUM AND OPINION

This diversity matter is before the Court on defendant's motion for summary judgment. Docket No. 40. Plaintiffs oppose the motion and defendant has replied. The parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. 636(c). After reviewing the record and the briefs, and for the reasons set forth below, defendant's motion will be denied.

### I.    BACKGROUND

Plaintiffs Bonnie Underwood and Laura Weathersby, as executors of the estate of their mother, Beatrice Gordy (Mrs. Gordy), filed suit against defendant John Gordy, their brother, asserting claims regarding the use and handling of Mrs. Gordy's assets during the time that defendant served as her power of attorney. Plaintiffs assert eight counts against defendant: (1) breach of fiduciary duty in violation of GA. Code ANN. section 10-6B-14; and (2) breach of power of attorney in violation of GA. Code ANN. section 10-6B-14, as well as common law claims under Georgia state law for (3) fraud; (4) fraudulent misrepresentation; (5) fraudulent concealment; (6) conversion; (7) negligence; and (8) unjust enrichment. Plaintiffs assert that throughout the time defendant had access to Mrs. Gordy's accounts, he lied to Mrs. Gordy about her finances and dissipated her assets without her authorization or knowledge. Plaintiffs assert defendant withheld money that was intended to be disbursed to Mrs. Gordy's grandchildren and

dissipated funds from an investment account to purchase land for his own use without prior authorization or discussion with Mrs. Gordy. They assert defendant withheld from Mrs. Gordy proceeds from the sale of a property located in Yuma, Arizona, without her authorization, and used Mrs. Gordy's funds for construction work on defendant's personal home. They assert defendant unlawfully transferred Mrs. Gordy's assets to pay off his own credit card and other debts and deposited royalty payments into his own accounts. Plaintiffs finally assert defendant failed in his duties as power of attorney to properly withhold or pay quarterly taxes due from asset liquidation of Mrs. Gordy's assets throughout the year 2022, resulting in approximately $10,000.00 in unpaid taxes and fees.

Defendant now moves for summary judgment on all counts, asserting all actions taken by defendant as power of attorney for Beatrice Gordy were in her best interest and in good faith. Docket No. 40. Defendant posits "Mrs. Gordy's funds were used to pay her expenses, regardless of how the funds flowed." *Id.*, Page ID # 630. In support of his motion, defendant submitted copies of emails, text messages, receipts, bank and other account statements, letters, and other documents. Docket No. 43-Exhibit Index.

## II. DISCUSSION

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed.R.Civ.P. 56(a)*. If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). "In evaluating the

2

evidence, the court must draw all inferences in the light most favorable to the non-moving party." *Moldowan,* 578 F. 3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, (1986)).

At this stage, "'the judge's function is not ... to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, (1986)). But "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient," and the party's proof must be more than "merely colorable." *Anderson v. Liberty Lobby,* 477 U.S. 242, 249, 252 (1986). An issue of fact is "genuine" only if a reasonable jury could find for the non-moving party. *Moldowan,* 578 F.3d at 374 (citing *Anderson,* 477 U.S. at 252).

1. **Counts I and II - Breach of Fiduciary Duty**

Count I of the complaint asserts a cause of action for breach of fiduciary duty in violation of Georgia Code Annotated Section 10-6B-14, et seq. Count II sets forth similar allegations for a breach of duty claim under Georgia law.

> Section 10-6B-14 provides, in relevant part:
>
> c. An agent that acts in good faith shall not be liable to any beneficiary of the principal's estate plan for failure to preserve such plan.
>
> d. An agent that acts with care, competence and diligence for the best interest of the principal shall not be liable solely because the agent also benefits from the act or has an individual or conflicting interest in relation to the property or affairs of the principal.
> . . .
>
> f. Absent a breach of duty to the principal, an agent shall not be liable if the value of the principal's property declines.

O.C.G.A. § 10-6B-14

Defendant asserts he is not liable under section 10-6B-14 because all actions taken by him as power of attorney for Mrs. Gordy were in her best interests and in good faith. Docket No. 41, Page ID #639. Applying the standards as set forth above, and resolving all conflicts in favor of plaintiffs, the court finds there are genuine issues of material fact which preclude the entry of summary judgment on these claims, including but not limited to whether defendant acted in bad faith, and whether defendant was acting to Mrs. Gordy's benefit and with her knowledge and approval. As a result, defendant's motion for summary judgment as to Counts I and II will be denied.

### 2. Count III - Fraud

Count III asserts a claim for fraud. As an initial matter, defendant asserts that Tennessee law applies rather than Georgia law, as plaintiffs assert in their complaint, because plaintiffs' fraud claims have no nexus to Georgia. The Court need not address the choice of law issue at this time as defendant is not entitled to summary judgment under either Georgia or Tennessee law.

Under Tennessee law, in order to establish the elements for a cause of action for fraud, plaintiffs must show: (1) a party intentionally misrepresents a material fact or produces a false impression in order to mislead another or to obtain an undue advantage over him; (2) the representation must have been made with knowledge of its falsity and with a fraudulent intent; (3) the representation must have been to an existing fact which is material and the plaintiff must have reasonably relied upon that misrepresentation to his injury. *Black v Black*, 166 S.W.3d 699, 705 (Tenn. 2005). Similarly, under Georgia law, in order to establish a claim of fraud, a plaintiff must prove (1) false representation by a defendant; (2) scienter; (3) intention to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to

4

the plaintiff. *Pyle v City of Cedartown*, 240 Ga.App. 445, 447(1), 524 S.E.2d 7 (1999).

Defendant asserts plaintiffs cannot establish any of the elements for fraud. Docket No. 41, Page ID# 648. He argues plaintiffs have provided no evidence that defendant made an intentional misrepresentation to Mrs. Gordy, that defendant made any such representation to mislead Mrs. Gordy to gain an advantage over her, or that Mrs. Gordy relied on any such misrepresentation to her detriment.

The court finds there are genuine issues of material fact which preclude the entry of summary judgment on this claim, including but not limited to whether defendant made a knowing or intentional false representation with the intention to either encourage Mrs. Gordy to permit him to distribute the "wind down" gifts, including to himself, and in order to mislead plaintiffs to continue a scheme to defraud Mrs. Gorsy. As a result, defendant's motion for summary judgment as to the fraud claim will be denied.

### 3. Count IV- Fraudulent Misrepresentation

Under Georgia law, the elements for fraudulent misrepresentation are: (1) that defendant made false representations; (2) that defendant knew the representations were false at the time (scienter); (3) that defendant made the representations intending to deceive plaintiff and induce it to take action; (4) that defendant justifiably relied upon such representations; and (5) that defendant's misrepresentations resulted in damages and loss to plaintiff. *Grand Master Contracting, L.L.C. v. Lincoln Apartment Mgmt. Ltd. P'ship*, 314 Ga. App. 449, 451 (2012). Under Tennessee law, the elements for fraudulent misrepresentation are: (1) the defendant made a representation of an existing or past fact; (2) the representation was false when made; (3) the representation was in regard to a material fact; (4) the false representation was made either knowingly or without belief in its truth or recklessly; (5) plaintiff reasonably relied on the

misrepresented material fact; and (6) plaintiff suffered damage as a result of the misrepresentation. *Raspberry v. Campbell*, No. W200601668COAR3CV, 2007 WL 2471512, at *4 (Tenn. Ct. App. Aug. 31, 2007).

Defendant argues plaintiffs cannot establish their claim for fraudulent misrepresentation because defendant was always transparent with plaintiffs in carrying out their mother's wishes and plaintiffs agreed with those decision when they pertained to important situations. Defendant argues, without citing record support, "the documents show that defendant kept plaintiffs advised about what was going on with their mother." Docket No. 41, Page ID#649.[1]

The Court concludes there are genuine issues of material fact which preclude the entry of summary judgment on this claim, including but not limited to (1) whether plaintiffs were aware of what actions defendant was taking for Mrs. Gordy; (2) whether defendant fraudulently misrepresented various items to plaintiffs and to Mrs. Gordy; (3) whether defendant misrepresented to Mrs. Gordy the use of her funds and the state of her financials; (4) whether defendant made knowingly false representations to Mrs. Gordy and plaintiffs regarding the status of her finances; and (5) whether Mrs. Gordy was properly informed by defendant that she was in a healthy financial state to issue financial gifts to family members. As a result, defendant's motion for summary judgment as to fraudulent misrepresentation will be denied.

**4. Count V - Fraudulent Concealment**

To establish fraudulent concealment, plaintiffs must prove (1) defendant took affirmative action to conceal the cause of action or remained silent and failed to disclose material facts despite a duty to do so; (2) plaintiffs could not have discovered the cause of action despite

---

[1] Throughout his memorandum, defendant sets forth factual statements, referring generally to "the documents," without citation to the record. These assertions of fact without supporting authority fail to comply with Federal Rule of Civil Procedure 56 (c)(1).

exercising reasonable care and diligence; (3) defendant had knowledge of the facts giving rise to the cause of action; and (4) defendant concealed material facts from plaintiffs by withholding information or making use of some device to mislead plaintiffs, or by failing to disclose information when he or she had a duty to do so. *Ralston v. Hobbs*, 306 S.W.3d 213, 223 (Tenn. 2009).

Defendant argues, without citing authority, that fraudulent concealment is typically used as a statute of limitations defense and is not relevant in this case because the statute of limitations is not at issue. Defendant argues dismissal of this claim is therefore proper. Docket No. 41, Page ID# 650. He relies on the same reasons discussed above for the previous claim for dismissal of this claim.

The Court concludes there are genuine issues of material fact which preclude the entry of summary judgment on this claim for the same reasons outlined above for the previous claim. As a result, defendant's motion for summary judgment as to fraudulent concealment will be denied.

**5. Count VI - Conversion**

Under Georgia law, "[c]onversion consists of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation." *Maryland Cas. Ins. Co. v. Welchel,* 257 Ga. 259, 261(1), 356 S.E.2d 877 (1987) (citation and punctuation omitted). To establish a claim for conversion, a plaintiff must show "(1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." *Trey Inman & Assoc. v. Bank of America,* 306 Ga.App. 451, 457(4), 702 S.E.2d 711 (2010) (citation and punctuation omitted). Under Tennessee law, conversion is the

7

Case 3:23-cv-00303   Document 49   Filed 08/09/24   Page 7 of 10 PageID #: 863

appropriation of another's property to one's own use and benefit, by the exercise of dominion over the property, in defiance of the owner's use of the property. *Ralston v. Hobbs*, 306 S.W.3d 213, 223 (Tenn. Ct. App.2009). A cause of action for conversion occurs when the alleged wrongdoer exercises dominion over the funds in defiance of the owners right to the property. *Id.*

Defendant contends that plaintiffs knew about the expenditures that Mrs. Gordy made prior to filing suit, and that they have presented no evidence that Mrs. Gordy's assets were converted. Docket No. 41, Page ID# 650-51. He argues, without record support, that Mrs. Gordy's assets were used to pay her expenses and denied any sort of gain by conversion or otherwise. *Id.*

The Court concludes there are genuine issues of material fact which preclude the entry of summary judgment on plaintiffs claim for conversion, including but not limited to whether approximately $213,000.00 of Mrs. Gordy's expended by defendant were authorized by Mrs. Gordy, expected by her, or made for her benefit. As a result, defendant's motion for summary judgment as to conversion will be denied.

### 6. Count VII – Negligence

Under both Tennessee and Georgia law, in order to establish a claim for negligence, a plaintiff must show (1) a duty of care owed to the plaintiff; (2) that the defendant breached that duty; (3) an injury or loss; (4) causation in fact; and (5) damages. *See Stadterman v. Southwood Realty Co.,* 865 S.E.2d 231, 233 (Ga. Ct. App. 2021) (Georgia law); *Marla H. v Knox Cnty.*, 361 S.W.3d 518, 529 (Tenn. Ct. App. 2011) (Tennessee law).

Defendant first argues, without support, that plaintiffs have not sufficiently pleaded a negligence claim. To the extent defendant is asserting that this count must be dismissed because plaintiffs allege that Mrs. Gordy was damaged as a result of defendant's intentional acts, not as a

result of negligence, his assertion is incorrect. *See* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

Defendant next argues that he used the power of attorney on only two occasions, for the homebuilder in Arizona to transact the business necessary to build Mrs. Gordy's home in Arizona and for opening the joint bank account with Mrs. Gordy, and that he breached no duties in this role. Docket No. 41, Page ID#652. He argues he had no duty to *manage* Mrs. Gordy's assets and even if he did, he did not breach any duty because Mrs. Gordy was competent to make her own decisions concerning her asserts at her direction and for her own benefit. *Id.*

The Court concludes there are genuine issues of material fact which preclude the entry of summary judgment on plaintiffs' negligence claim, including but not limited to whether defendant used his power of attorney on only two occasions and whether he breached his duty in that role. As a result, defendant's motion for summary judgment as to negligence will be denied.

### 7. Count VIII – Unjust Enrichment

Under Georgia law, "[u]njust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for. *Estate of Crook v. Foster*, 333 Ga. App. 36, 39 (1), 775 S.E.2d 286 (2015) (citation and punctuation omitted). Under Tennessee law, the elements of unjust enrichment are (1) there is a benefit conferred upon Defendant by Plaintiffs; (2) there is an appreciation by the defendant of such benefit; and (3) the acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof. *Freeman Industries, LLC v. Eastman Chemical Co.,* et al., 172 S.W.3d 512, 525 (Tenn. 2005).

Defendant argues plaintiffs cannot show that he was unjustly enriched because the was no benefit conferred upon him by Mrs. Gordy. Docket No. 41, Page ID#653. The Court concludes there are genuine issues of material fact which preclude the entry of summary judgment on this claim. For example, a factfinder might infer defendant received the benefit of numerous unauthorized payments from Mrs. Gordy's assets. A factfinder might also infer payments used to purchase defendant's own property and land, transfers to credit cards not belonging to Mrs. Gordy, and defendant's retention of the proceeds from Mrs. Gordy's Arizona property conferred benefits upon defendant. Defendant's motion for summary judgment on the issue of unjust enrichment will be denied.

### III. CONCLUSION

For the foregoing reasons, defendant's motion for motion for summary judgment will be denied in all respects.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant John Gordy's motion for summary judgment (Docket No. 40) is **DENIED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**